JUDGE BRICCETTI

12 CIV 1901                                   ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x
MARY YURKOVIC,                          COMPLAINT FOR
                                        VIOLATIONS OF THE
                                        FAIR DEBT
                                        COLLECTION
            Plaintiff,                  PRACTICES ACT

        -against-                       JURY TRIAL
                                        DEMANDED
COHEN & SLAMOWITZ, LLP,

            Defendant.
----------------------------------------------------------x

## INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff Mary Yurkovic, an individual consumer, against Cohen & Slamowitz, LLP ("Defendant" or "Cohen & Slamowitz") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices. Defendant violated the Act by continuing to collect on account that did not belong to the plaintiff, providing an erroneous balance on the alleged account to the plaintiff and by contacting the plaintiff directly after it knew or should have known that she was represented by counsel.

## JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d). Venue in this district is proper because the plaintiff resides here and the conduct complained of occurred here.

1

## PARTIES

3. Plaintiff Mary Yurkovic is a natural person residing in Sleepy Hollow, New York.

4. Defendant Cohen & Slamowitz, LLP is a New York law firm engaged in the business of collecting debts. The principal purpose of Defendant is the collection of debts and defendant regularly attempts to collect debts allegedly due to another, and is a "debt collector" as defined by 15 U.S.C. § 1692(a)(6).

## FACTUAL ALLEGATIONS

5. On June 29, 2011 defendant sent plaintiff a letter stating that it was attempting to collect a debt on behalf of HSBC Bank Nevada, N.A. account No. XXXX7391. The letter stated that the amount owed on that account as of June 29, 2011 was $6,106.86.

6. At the time defendant mailed the letter to plaintiff it was aware or should have been aware that the subject account did not properly belong to the plaintiff but was in fact obtained by an identity thief using the plaintiff's personal identifying information.

7. On that date defendant also was aware and or should have been aware that the plaintiff was represented by counsel regarding the alleged HSBC debt.

8. On our around August 4, 2011 Cohen and Slamowitz commenced a lawsuit against the Ms. Yurkovic in Westchester County Supreme Court, Index. No. 53823/2011 on the subject HSBC Account No. XXXX7391.

9. The complaint in that action stated that on June 26, 2011 the balance on the subject account was $5,683.62. Accordingly, either the balance stated in the lawsuit or in the June 29, 2011 was incorrect.

10. Additionally, the June 29, 2011 letter from the defendant listed the creditor as "Midland Funding LLC." However, in later communications and in the

Case 7:12-cv-01901-VB   Document 1   Filed 03/15/12   Page 3 of 4


action subsequently filed on the same debt the defendant listed the actual owner of the debt as "Midland Funding LLC DBA in New York as Midland Funding of Delaware LLC."

11. A search of the NY State Secretary of State's official website reveals that both Midland Funding LLC and Midland Funding of Delaware LLC are separate entities both active in the State of New York.

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

9. The plaintiff hereby realleges and incorporates by reference each of the allegations alleged above.

10. The plaintiff Mary Yurkovic is a "consumer" as that term is used in 15 U.S.C. § 1692a(3).

11. Defendant Cohen & Slamowitz, LLP is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

12. The alleged debt underlying the plaintiff's complaint is a "debt" within the meaning of 15 U.S.C. § 1692a(5).

13. Defendant violated 15 U.S.C. § 1692e(2)(a) by mis-stating the amount of the debt.

14. Defendant violated 15 U.S.C. § 1692e(2)(a) by representing that the account belonged to the plaintiff when the defendant knew or should have known the account did not belong to the plaintiff.

15. Defendant violated 15 U.S.C. §§ 1692g(3), (4) and (5) by sending plaintiff an initial written communication that failed to contain the statements required in those sub-sections.

16. Defendants violated 15 U.S.C. § 1692e(11) by failing to inform the plaintiff that it was a debt collector in its communications to the plaintiff and by failing to inform the plaintiff that it's communications were an attempt to collect a debt.

17. Defendant violated 15 USC § 1692c(a)(2) by directly contacting the plaintiff when it knew or should have known that the plaintiff was represented by counsel with respect to the alleged debt.

18. As a result of the defendants' unlawful conduct the plaintiff suffered damages.

**WHEREFORE,** the plaintiff respectfully requests that judgment be entered as follows:

A. Awarding the plaintiff actual damages pursuant to 15 USC § 1692k(a)(1).

B. Awarding the plaintiff statutory damages pursuant to 15 USC § 1692k(a)(2)(A).

C. Awarding the plaintiff attorney's fees and costs pursuant to 15 USC § 1692k(a)(3).

D. Granting such other and further relief as the Court deems just.

### DEMAND FOR JURY TRIAL

Please take notice that the plaintiff Michael Reine demands trial by jury in this action.

Dated: March 15, 2012
New York, NY

_/s/ Kevin C. Mallon_
Kevin C. Mallon (kcm 4798)
Fishman & Mallon, LLP
305 Broadway, Suite 900
New York, NY 10007
(212) 822-1474
Attorneys for Plaintiff